IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CRIMINAL ACTION NO. 4:19-CR-244- |
| | § | ALM |
| PERCY MCCLINTON SNOW (1), | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Percy McClinton Snow's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 9, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson, of the Federal Public Defender's Office. The Government was represented by Wes Wynne.

Defendant was sentenced on January 17, 2006, before The Honorable Charles R. Butler Jr. of the Southern District of Alabama after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of IV, was 151 to 188 months. Defendant was subsequently sentenced to 151 months imprisonment followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include drug treatment and testing, $100 special assessment and restitution in the amount of $1,362.40. On October 30, 2015, Defendant completed his period of imprisonment and began service of the supervision term. On April 29, 2015, the Court reduced the custody sentence from 151 months to

121 months, pursuant to 18 U.S.C. § 3582(c)(2). The term of supervised release was revoked on September 25, 2017, and Defendant was sentenced to 6 months imprisonment followed by a 54-month term of supervised release. The term of supervised release was revoked again on May 10, 2018, and Defendant was subsequently sentenced to 12 months imprisonment followed by a 40-month term of supervised release which commenced on April 25, 2019 and was scheduled to expire on August 24, 2022. Jurisdiction of this case was transferred to the Eastern District of Texas on September 30, 2019, and the case was assigned to U.S. District Judge Amos L. Mazzant, III.

On January 28, 2021, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed]. The Petition asserted that Defendant violated six (6) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state or local crime; (2), (3) The defendant shall not unlawfully possess a controlled substance; (4) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (5) The defendant shall not leave the judicial district without the permission of the Court or probation officer; and (6) The defendant shall participate in a program of testing and treatment for drug abuse and/or alcohol abuse as directed by the Probation Office [Dkt. 2 at 1-3, Sealed].

The Petition alleges that Defendant committed the following acts: (1), (2) On January 17, 2020, the defendant was arrested by Pearl Mississippi Police Department for the offenses of Possession of Controlled Substance (methamphetamine) and Possession of Marijuana both in violation of Mississippi Statute 41-29- 139(c). A traffic stop was made on a vehicle driven by the defendant for failing to maintain a single lane. After the defendant and the passenger in the vehicle told the officer two different stories regarding why and where they were traveling, the officer

requested to search the vehicle. The defendant denied the search, so a canine officer was called for a perimeter search of the vehicle. The canine alerted to possible illegal substances being in the vehicle, which provided the officer probable cause to search the vehicle. In the driver's door, where the defendant was sitting, a black bag containing methamphetamine and marijuana was found. Additionally, a glass pipe known to be used to smoke methamphetamine was found in the driver's seat. As of this writing, the defendant is in custody in the Rankin County, Mississippi jail. A $10,000 bond has been set for the Possession of Controlled Substance (methamphetamine) and a $1,000 bond has been set for the Possession of Marijuana offense; (3), (4) The defendant submitted urine specimens on August 20, 2019 and November 25, 2019, which tested positive for methamphetamine. The tests were confirmed by Alere Toxicology, Inc. Additionally, on November 26, 2019, the defendant admitted verbally to this officer to the November 25, 2019 drug use; (5) On January 17, 2020, the defendant was arrested in Pearl, Mississippi. He did not have permission from the Court or the probation office to travel outside the judicial district; and (6) The defendant failed to attend substance abuse treatment at Addiction Recover Center, Lewisville, TX, on September 19, 2019. He also failed to submit to random drug testing at On-Scene Drugscreens in McKinney, TX, on August 31, November 23, December 7, 2019, January 11, and January 14, 2020 [Dkt. 2 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 3 and 4 of the Petition. The Government dismissed allegations 1, 2, 5, and 6. Having considered the Petition and the plea of true to allegations 3 and 4, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 16].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Yazoo, Mississippi, if appropriate.

**SIGNED this 19th day of May, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE